REINHARDT, Circuit Judge,
concurring in part and dissenting in part:
I dissent from the majority’s conclusion that the U.S.S.G. § 2Bl.l(b)(8)(A) enhancement for misrepresentation of an action on behalf of a charity and § 3B1.3 enhancement for abuse of a position of trust may both be imposed in this case. The application of both enhancements to the same underlying conduct is prohibited by U.S.S.G. § 2B1.1., cmt. 7(E)(1). The district court violated the terms of this authoritative application note by imposing both enhancements on the basis of the same underlying conduct — Sanders’s misrepresentations to a Tides Foundation donor.
The majority concludes otherwise, asserting that the imposition of the § 3B1.3 abuse of trust enhancement was based not only on Sanders’s misrepresentations to a donor, but also on his submission of fraudulent invoices to the Foundation. However, Sanders’s submission of invoices, fraudulent or otherwise, cannot support application of the abuse of trust enhancement, because such submissions constitute the performance of an administrative function rather than the exercise of the sort of “professional or managerial discretion” that is a prerequisite to the imposition of that enhancement. See United States v. Contreras, 581 F.3d 1163, 1166 (9th Cir. 2009). While the record indicates that Tides did not adequately supervise Sanders’s submission of invoices on behalf of On Point, Contreras makes clear that “the element of discretion — not ease of detection — is the ‘decisive factor’ in the [abuse of trust] enhancement.” Id. The processing of invoices is a paradigmatically ministerial task, and there is scant evidence in the record that Sanders enjoyed any discretion whatsoever regarding the subject, let alone that he enjoyed a “professional or managerial discretion” akin to that of an attorney who serves as a guardian and embezzles a client’s funds, or of a bank executive who engages in a fraudulent loan scheme. See id. (quoting U.S.S.G. § 3B1.3 n. 1 (2005)).
Given that the § 3B1.3 enhancement cannot be applied to a plainly administrative task such as Sanders’s arrangement for disbursements, the application of that enhancement in this case could rest only on Sanders’s misrepresentations to the Tides Foundation donor. That is precisely the same conduct upon which the § 2B1.1(b)(8)(A) enhancement rests. An authoritative application note to the Guidelines bars this result, and I would therefore vacate the sentence in this case and *580 remand to the district court for resentencing.
I respectfully dissent with respect to this issue. I concur in the remainder of the disposition.